UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| RAYMOND SHAWN REECE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:05-cv-253 |
| | ) | |
| v. | ) | Honorable David W. McKeague |
| | ) | |
| COUNTY OF KENT, et al., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | |
| _____ | ) | |

This is a tort action brought by a *pro se* plaintiff. (Complaint, ¶ 1). Plaintiff invokes the court's diversity jurisdiction under 28 U.S.C. § 1332, and supplemental jurisdiction under 28 U.S.C. § 1367. (Complaint, ¶¶ 1, 6, 7). Plaintiff's complaint lists six defendants: County of Kent, City of Wyoming, Wyoming Police Department, Kent County Prosecutor William Forsythe, Detective Michael Sturve, and Officer Timothy Pols. Plaintiff alleges that in January 2004 he was charged with third degree criminal sexual conduct "in the 62A Wyoming District Court, and then [in] Circuit Court for the County of Kent" after being bound over for trial. Plaintiff states that he was confined in the Kent County Jail from January 2004 until October 5, 2004. On October 5, 2004, the prosecutor dismissed criminal sexual conduct charge against plaintiff. Plaintiff alleges that a witness made false statements against him and that the prosecutor knew or should have known that he did not have sufficient evidence to prosecute plaintiff. Plaintiff's complaint consists of three counts. Count I is against the City of Wyoming for "bringing false and fraudulent charges against the Plaintiff in order to maliciously prosecute him for acts he did not commit." (Complaint, ¶ 20).

Count II is against the County of Kent and Kent County Prosecutor William Forsythe for maliciously prosecuting plaintiff. (Complaint, ¶ 25). Count III is against Detective Michael Sturve, Officer Timothy Pols, and the City of Wyoming. Count III does not assert that the police officers arrested plaintiff without probable cause in violation of his Fourth Amendment rights. In fact, plaintiff has not alleged any facts related to his arrest, much less the involvement, if any, of defendants Pols and Sturve. The most that can be discerned from plaintiff's complaint is that these two police officers had some unspecified role in the criminal proceedings against plaintiff and plaintiff's allegation that the criminal charge was "false and fraudulent." (Complaint, ¶ 26). Plaintiff seeks an award of $5,000,000.00 dollars in compensatory damages, plus an additional $5,000,000.00 in punitive damages against defendants in their official and individual capacities.

The court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. (docket # 3). Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the court is required to dismiss any action brought *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2)(B) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Cuno v. Daimler Chrysler, Inc.*, 386 F.3d 738, 742 (6th Cir. 2005). In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404

U.S. 519 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). However, the mere assertion of bare legal conclusions is insufficient, and the court is not to conjure up unpleaded facts to support conclusory allegations. *See Golden v. City of Columbus*, No. 03-4252, ___ F.3d ___, 2005 WL 873321, at * 7 (6th Cir. Apr. 18, 2005); *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003); *Sheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434 (6th Cir. 1988); *see also Hall v. Beast*, No. 03-6447, 2004 WL 2320347, at * (6th Cir. Sept. 20, 2004); *Perry v. United Parcel Servs.*, No. 03-5861, 2004 WL 193203, at * 1 (6th Cir. Jan. 30, 2004). Applying these standards, the court concludes that plaintiff's lawsuit is indisputably meritless. Plaintiff's complaint will be dismissed and for failure to state a claim upon which relief can be granted and for seeking monetary damages from a defendant immune from such relief.

## Discussion

Plaintiff's complaint suffers from numerous fatal defects. The most obvious is that diversity jurisdiction is absent, because all parties are Michigan residents. Indulgently, the court assumes that the *pro se* plaintiff is attempting to invoke the court's federal question jurisdiction, 28 U.S.C. § 1331. The court further assumes, on the basis of the phrase "under color of state law" appearing in the complaint's caption, that plaintiff is attempting to assert a claim or claims against defendants for violation of his federally-guaranteed right pursuant to 42 U.S.C. § 1983. To state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege deprivation of a right guaranteed by the federal Constitution or laws by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Radvansky v. City of Olmstead Falls*, 395 F.3d 291, 302 (6th Cir. 2005); *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). Because section 1983

provides a vehicle for vindicating federal rights, not a source of substantive rights itself, the first step in an action under section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Radvansky*, 395 F.3d at 302.  Plaintiff's complaint does not invoke any specific constitutional or federal statutory right, but only makes a general reference to "the rights and privileges endowed by the United States Constitution and its amendments," (¶ 9), and unspecified "Federal Statutes," (¶¶ 20, 25, 26).

The foundation of plaintiff's complaint is his theory that he was wrongfully prosecuted in state court upon a third degree criminal sexual conduct charge.  It is clear that "[t]he substantive component of the Fourteenth Amendment's Due Process Clause, 'with its scarce and open-ended guideposts,' may not serve as the basis for a § 1983 malicious prosecution claim." *Darrah v. City of Oak Park*, 255 F.3d 301, 308 (6th Cir. 2001) (quoting *Albright v. Oliver*, 510 U.S. at 271).  On the basis of the facts alleged, it is impossible to discern a constitutional claim.  As a matter of state practice, a bindover for a criminal trial in circuit court generally occurs after a preliminary examination in the district court[1] and a finding by the district court judge that a crime has been committed and there is probable cause to believe that defendant committed the crime.  Thereafter, the question of whether there was probable cause to support the bindover can be challenged at the circuit court level.  The circuit court judge reviews the district court's probable

---

[1] Plaintiff was entitled to a "prompt preliminary examination unless otherwise waived." *People v. Baugh*, 620 N.W.2d 653, 655 (Mich. Ct. App. 2000).  Plaintiff's complaint is devoid of any factual allegation suggesting that he waived his right to a preliminary examination.  Where, as here, the state affords an opportunity for an accused to contest probable cause at a preliminary hearing, a finding of probable cause by the examining state judge or magistrate forecloses relitigation of that issue in a subsequent action pursuant to 42 U.S.C. § 1983.  *See Coogan v. City of Wixom*, 820 F.2d 170, 175 (6th Cir. 1987); *Johnson v. Ward*, No. 00-6547, 2002 WL 1774215, at *3 n.5 (6th Cir. July 31, 2002); *Morris v. Boyd*, No. 00-1249, 2000 WL 1720621, at * 2 (6th Cir. Nov. 7, 2000).

cause determination under an abuse of discretion standard. *See People v. Hunt*, 501 N.W.2d 151, 153 (Mich. 1993); *People v. Monaco*, 686 N.W.2d 790, 794, 799 (Mich. Ct. App. 2004); *People v. Green* 677 N.W.2d 363, 370-71 (Mich. Ct. App.), *appeal denied*, 685 N.W.2d 669 (Mich. 2004). Plaintiff has not alleged any facts sufficient to show a deprivation of a federally protected liberty or property interest under the procedural component of the Fourteenth Amendment's Due Process Clause. Furthermore, none of the named defendants made the determination that there was probable cause to bind over plaintiff for trial in circuit court.

The Fourth Amendment's protection against unreasonable searches and seizures is enforced against the states through the Due Process Clause of the Fourteenth Amendment, *see Mapp v. Ohio*, 367 U.S. 643, 655 (1961), but plaintiff has not alleged facts indicating that he was arrested without probable cause. The Sixth Circuit has recognized a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment. *See Thacker v. City of Columbus*, 328 F.3d 244, 259 (6th Cir. 2003). In *Thacker*, the Sixth Circuit described the minimum elements of such a claim in these terms:

> Although this Court has yet to resolve the elements of a federal malicious prosecution claim, it is clear that a plaintiff must show, at a minimum, that there was no probable cause to justify his arrest and prosecution. Thacker's arrest and prosecution here were justified by probable cause. Because he cannot show the absence of probable cause, Thacker cannot demonstrate any seizure in violation of the Fourth Amendment. Thus, we need not attempt to enunciate the other elements of a malicious prosecution claim here.

*Id.* at 259 (citations omitted). Plaintiff has not plead facts sufficient to establish a Fourth Amendment malicious prosecution claim under this standard.

Even assuming a constitutional foundation for plaintiff's claims, plaintiff's complaint nonetheless fails to state a claim against these defendants. As the Sixth Circuit observed in an

opinion issued earlier this month, prosecutors alone make the decision to prosecute. *See McKinley v. City of Mansfield*, No. 03-4258, __ F.3d __, 2005 WL 819969, at * 13 (6th Cir. Apr. 11, 2005); *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976); *Holloway v. Brush*, 220 F.3d 767, 774-75 (6th Cir. 2000) (*en banc*).  Defendant Forsythe is entitled to judgment in his favor as a matter of law on this basis.  Detective Sturve and Officer Timothy Pols did not make the decision to prosecute plaintiff, and as such these police officers "cannot be liable for malicious prosecution." *McKinley*, 2005 WL 819969, at * 19 (citing *Skousen v. Brighton High Sch.*, 305 F.3d 520, (6th Cir. 2002)).  The City of Wyoming's police department is not a separate legal entity, but merely one of defendant City of Wyoming's departments.  Plaintiff's claims against the municipal defendants City of Wyoming and County of Kent fail to state a section 1983 claim because plaintiff has not alleged facts establishing that defendants deprived plaintiff of federally guaranteed rights pursuant to a municipal policy.  *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978); *see also City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Graham v. County of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004) (quoting *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1994)).

       Plaintiff's complaint mentions various tort claims under state law. Having dismissed all plaintiffs' federal claims, the court, in its discretion, will decline to exercise supplemental jurisdiction over plaintiffs' purported state-law claims.  *See*   28 U.S.C. § 1367(c)(3); *Mays v. Buckeye Rural Elec. Coop., Inc.*, 277 F.3d 873, 881-82 (6th Cir. 2002).

**Conclusion**

For the reasons set forth herein, plaintiff's federal claims will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary damages against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B). On the same grounds, the court certifies that any appeal of this decision would be frivolous and brought in bad faith. 28 U.S.C. § 1915(a)(3). In its discretion, the court declines to exercise supplemental jurisdiction, and plaintiff's purported state-law claims will be dismissed without prejudice.


Dated:  April 22, 2005                             /s/   David W. McKeague
                                                 David W. McKeague
                                                 United States District Judge